ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **AIXA PASTOR CANALES**<br><br>Apelante<br><br>v.<br><br>**Dr. CARLOS MELLADO y OTROS**<br><br>Apelados | KLAN202300934 | **APELACIÓN**<br>procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**SJ2022CV10670**<br><br>Sobre:<br>Derecho Laboral, Discrimen, Represalia e Injunction Permanente |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de enero de 2024.

La señora Aixa Pastor Canales (apelante) acude ante nos mediante recurso de apelación y solicita que revoquemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, (TPI) el 26 de septiembre de 2023. Mediante la misma, el foro primario convirtió la moción de desestimación presentada por la Administración de Servicios Médicos de Puerto Rico (ASEM o parte apelada) en una solicitud de sentencia sumaria y la declaró *ha lugar*. Así, el TPI dictó sentencia sumaria a favor de la ASEM y desestimó la demanda de epígrafe.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

I.

Según surge del expediente, los hechos que originan la presente causa se remontan a abril de 2022, cuando la ASEM le notificó a la señora Pastor Canales, quien se desempeñaba como técnico quirúrgico, el inicio de una acción disciplinaria en su contra

por incurrir en varias faltas de las Normas de Conducta y Medidas Disciplinarias. Específicamente, por arrojar un resultado positivo de sustancias controladas prohibidas a funcionarios y empleados en puestos sensitivos, así como por rehusarse a participar del programa de orientación, tratamiento y rehabilitación requerido por el patrono.

El 27 de abril de 2022 se celebró una vista ante el Oficial Examinador, a la cual compareció la señora Pastor Canales acompañada por la representante sindical de la Unión General de Trabajadores a la cual pertenecía, la señora Zaida Cancel. También estuvo presente la ASEM, representada por la licenciada Ivonne Cruz Serrano, la directora asociada de relaciones laborales y la funcionaria de enlace de la agencia.

Del *Informe del Oficial Examinador* se desprende que la ASEM presentó la siguiente prueba documental: Normas de Conducta y Medidas Disciplinarias de la Administración de Servicios Médicos de Puerto Rico; Reglamento del Programa de Pruebas para la Detección de Sustancias Controladas en Funcionarios y Empleados dela ASEM; hoja de descripción del puesto y cuestionario de clasificación de la empleada Aixa Pastor Canales; Certificación de Documentos entregados a empleados nuevos unionados firmado por la empleada; Estipulación sobre la Política del Programa Permanente para la Detección de Sustancias Controladas firmada por la empleada; documento relacionado con la toma de muestras especiales ponchada el 7 de abril de 2022; comunicación fechada 12 de abril de 2022; notificación de recomendación de acción disciplinaria y recomendación de medida disciplinaria. Además, la ASEM presentó el testimonio de la funcionaria del Programa de Sustancias Controladas.

A raíz de lo anterior, el 10 de mayo de 2022, las partes suscribieron una *Estipulación de Transacción por Renuncia de*

*Empleada.* En este documento, convinieron transigir el pleito, sin que ello implicara la aceptación alguna de incumplimiento de reglamento alguno y/o negligencia por parte de la ASEM. Asimismo, se esbozó que la transacción consistía en que la ASEM aceptaba la renuncia irrevocable de la señora Pastor Canales al puesto que ocupaba de técnico quirúrgico "por motivo de otro empleo". Además, la señora Pastor Canales aceptó y entendió que eran correctos los cargos formulados en su contra y que fue advertida de que éstos permanecerían en su expediente de empleado que obra en la oficina de Recursos Humanos de la ASEM. En lo pertinente, el acuerdo expuso lo siguiente:

[…]

10. La empleada Aixa Pastor Canales y la unión (UGT) aceptan los acuerdos dispuestos en la presente estipulación, y, por consiguiente, renuncian a todas aquellas reclamaciones de naturaleza contractual, extracontractual, laboral, o de cualquier otra índole y que hayan sido alegadas por dicha parte contra la ASEM, sus empleados, agentes, supervisores, directores y contratistas. **Del mismo modo, la empleada y la unión renuncian a cualquier causa de acción de naturaleza contractual, extracontractual, laboral o de cualquier otra índole, contra la ASEM, sus empleados, agentes, supervisores, directores y contratistas, que surjan como consecuencia de los hechos que dieron lugar al presente caso**. (Énfasis nuestro).

11. **Una vez acordado y firmada la presente estipulación, y cumplido el compromiso de la Administración de Servicios Médicos de Puerto Rico, según las condiciones redactadas en la presente estipulación, la empleada y la unión desistirán con perjuicio de sus causas de acción de cualquier índole, sean estas pasadas, presentes y futuras que pudiera tener contra la ASEM**. (Énfasis nuestro).

12. La aceptación de la empleada del presente acuerdo se entenderá como una voluntaria, libre de coacción o represalias.

[…]

Por entender que la aludida estipulación no era lesiva al interés de la ASEM, ni al interés público, el Oficial Examinador recomendó que se diera por concluido el procedimiento y se

ordenara a las partes al estricto cumplimiento de sus términos y condiciones. Posteriormente, el director ejecutivo de la ASEM, como la autoridad nominadora, aprobó el mencionado informe.

A pesar del antedicho acuerdo, el 12 de noviembre de 2022, la señora Pastor Canales incoó una *Demanda* sobre discrimen, represalias e *injunction* permanente, en contra de la ASEM. Alegó que es paciente de *cannabis* medicinal con una licencia debidamente expedida por el Departamento de Salud de Puerto Rico. Añadió que trabajó para la ASEM por 14 años y que, en el 2022, se le formularon cargos por arrojar positivo a THC, un componente de *cannabis*, en una prueba de drogas. Ante ello, la señora Pastor Canales arguyó que, para evitar ser despedida, el patrono le sugirió dejar su tratamiento médico, acogerse a un programa de orientación contra consumo de drogas y someterse a un procedimiento antidrogas, a lo cual se negó. Además, manifestó en su demanda que la ASEM le informó que sería destituida, no sin antes ofrecerle renunciar a su empleo si firmaba una estipulación.

Asimismo, la señora Pastor Canales alegó que aceptó la estipulación, pero no estuvo representada legalmente, ni antes, ni durante su firma. Adujo que fue forzada a dicho acto y discriminada por razón de salud. Entre otros remedios, solicitó el pago de la indemnización del doble de los daños que demostrara, reinstalación a su empleo y que se expidiera una orden de cese y desista contra la ASEM de violar las leyes vigentes.[1]

En atención a lo anterior, el 13 de abril de 2023, la ASEM instó una *Moción Solicitando la Desestimación de la Demanda al Amparo de la Regla 10.2(5) de Procedimiento Civil*, en la cual enumeró 12 hechos materiales sobre los cuales entendía que no existía controversia y solicitó al tribunal que considerara su moción

---

[1] Apéndice del recurso, págs. 27-36.

como una de sentencia sumaria. Particularizó que procedía desestimar la demanda de referencia por los siguientes fundamentos:

A. La demandante está impedida por sus propios actos de presentar una reclamación contraria a las representaciones que incluyó en la estipulación transaccional que suscribió con la ASEM.

B. Como Técnica Quirúrgica en el área de Servicios Quirúrgicos de la ASEM, la demandante ocupaba un puesto clasificado como "sensitivo" bajo la Ley Núm. 78 de 14 de agosto de 1997 (Ley para Reglamentar las Pruebas para la Detección de Sustancias Controladas en el Empleo en el Sector Público), 3 L.P.R.A. Sec. 2501 (k) (Ley 78-1997), que la exponía ser destituida de su puesto si teniendo un resultado positivo a alguna sustancia controlada la demandante se rehusaba a participar en el programa de rehabilitación adoptado por la ASEM.

C. La demandante no es acreedora a la protección de empleo dispuesta en la Ley Núm. 42 de 9 de julio de 2017, según enmendada (Ley Medicinal), 24 L.P.R.A. Sec. 2626e-1, por cuanto al estar ocupando un puesto clasificado como "sensitivo" bajo la Ley 78-1997, el uso de una sustancia controlada, como lo es el Cannabis, interfiere con su desempeño y funciones esenciales de su trabajo.

D. Toda vez que la protección de empleo que provee la Ley Medicinal está sujeta a la condición de que la utilización del Cannabis no interfiera con el desempeño y funciones esenciales del trabajo de la demandante, 24 L.P.R.A. Sec. 2626e-1 ( C ), quien ocupaba un puesto clasificado por la Ley 78-1997 como "sensitivo" por participar directamente en la prestación de servicios médicos, la estipulación transaccional que suscribió la demandante con la ASEM no es nula pues no es contraria a la ley ni al orden público.[2]

Por su parte, la señora Pastor Canales presentó su *Oposición a Moción de Desestimación de la Demanda*. En su comparecencia, admitió algunos hechos propuestos sobre los cuales la ASEM entendía que no existía controversia y negó otros. A su vez, argumentó que en el presente caso no concurrían los elementos necesarios para la desestimación de la demanda, ni para que se

---

[2] A la mencionada moción, la ASEM anejó: Notificación Recomendación Acción Disciplinaria; Recomendación para Aplicación de Medida Disciplinaria; Estipulación de Transacción por Renuncia de Empleada; Informe del Oficial Examinador y Reglamento del Programa de Pruebas para la Detección de Sustancias Contraladas en Funcionarios y Empleados de la Administración de Servicios Médicos de Puerto Rico. Íd., págs. 37-82.

dictara sentencia sumaria. En esencia, alegó que, de la prueba sometida por la ASEM surgía claramente que la única razón para la formulación de cargos, la estipulación y la terminación de empleo fue el resultado positivo al uso de *cannabis*. En ese sentido, arguyó que nunca se le imputó pobre desempeño en sus labores o poner en riesgo la vida de algún paciente, como tampoco se hizo referencia a que las funciones esenciales que ofrece su puesto fueron afectadas. Por tanto, sostuvo que no existía fundamento alguno para concluir que no estaba protegida por las disposiciones de la Ley Núm. 42-2017. En conclusión, adujo que, si el TPI concedía la moción de desestimación, se le despojaría de derechos adquiridos (como la licencia para el uso del *cannabis*) y de su derecho a seleccionar el tratamiento médico más beneficioso para su salud. Puntualizó que procedía declarar nula e ineficaz la estipulación pactada con la ASEM y continuar con los procedimientos.[3]

Considerado todo lo anterior, el 26 de septiembre de 2023 el TPI dictó la *Sentencia* aquí en cuestión. Según adelantado, el foro juzgador convirtió la moción de desestimación presentada por la ASEM en una solicitud de sentencia sumaria y la declaró *ha lugar*. Consecuentemente, el TPI dictó sentencia sumaria a favor de la ASEM y desestimó la demanda de epígrafe. En su análisis, el Tribunal concluyó que la señora Pastor Canales no logró establecer la existencia de una controversia real sustancial sobre ninguno de los hechos propuestos como incontrovertidos por la ASEM. En síntesis, el foro primario expresó que la controversia ante su consideración se reducía a la determinación del derecho aplicable a la reclamación de la señora Pastor Canales, en materia de transacción judicial. Así, expuso que, por ser una cuestión de

---

[3] Apéndice del recurso, págs. 166-314.

derechos, ésta era susceptible de ser adjudicada al amparo de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V. R. 36

El TPI coligió que, contrario a la interpretación de la señora Pastor Canales, en la estipulación transaccional suscrita con la ASEM existían concesiones recíprocas. Específicamente, sostuvo que la señora Pastor Canales aceptó que, a cambio de su renuncia, no sería destituida de su empleo. Asimismo, estableció que, como parte del acuerdo transaccional, ésta aceptó los cargos formulados en su contra y renunció a todas las reclamaciones de naturaleza contractual, extracontractual, laboral o de cualquier otra índole que surgieran como consecuencia de los hechos que dieron lugar al procedimiento disciplinario.

Con un enfoque en la doctrina de los actos propios y el principio de la libertad de contratación, el foro *a quo* concluyó que la señora Pastor Canales estaba impedida de impugnar la *Estipulación de Transacción por Renuncia de Empleada* que suscribió como consecuencia de la acción disciplinaria iniciada en su contra. Hizo hincapié en que dicho documento tenía el efecto de cosa juzgada. El tribunal sentenciador también indicó que la estipulación atañida no adolecía de falta de causa, no era el resultado de fraude o dolo, no era contraria a la ley o el orden público, como tampoco se alegó que en el proceso de firmar el acuerdo medió error, dolo, violencia o intimidación. Por último, el foro primario expresó que la señora Pastor Canales renunció libre, voluntaria e informadamente a presentar las causas de acción que acumuló en la demanda de epígrafe.[4]

Insatisfecha, la señora Pastor Canales acude ante nos y alega que el TPI cometió los siguientes errores:

PRIMERO - Erró el Tribunal al no considerar las alegaciones no controvertidas de la Demanda y al hacer determinaciones de hecho contrarias a las mismas.

---

[4] Id., págs. 106-118.

SEGUNDO - Erró el Tribunal al concluir que la Estipulación Transaccional es válida y obligatoria sin estar presentes los requisitos esenciales para su validez y sin contar con la aprobación del Secretario del Trabajo.

TERCERO - Erró el Tribunal al concluir que la Apelante ocupaba un puesto "sensitivo", ausente evidencia alguna a tales efectos.

El 14 de noviembre de 2023, la ASEM compareció mediante *Moción Solicitando Desestimación de la Apelación y Alegato de la Apelada Administración de Servicios Médicos de Puerto Rico*. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

II.

A.

La Regla 36 de Procedimiento Civil dispone el mecanismo extraordinario y discrecional de la sentencia sumaria. 32 LPRA, Ap. V, R. 36; *Oriental Bank v. Caballero García*, 2023 TSPR 103, resuelto el 23 de agosto de 2023. El propósito principal de este mecanismo procesal es propiciar la solución justa, rápida y económica de litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que puede prescindirse del juicio plenario. *Adorno v. Foot Locker Retail*, 208 DPR 622 (2022); *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1024 (2020); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015). Los tribunales pueden dictar sentencia sumaria respecto a una parte de una reclamación o sobre la totalidad de esta. 32 LPRA Ap. V, R. 36.1; *Meléndez González et al. v. M. Cuebas*, supra. La sentencia sumaria procederá si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demuestran que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que, como

cuestión de derecho, procede hacerlo. Véase, *S.L.G. Zapata Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013); *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).

El promovente debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes sobre la totalidad o parte de la reclamación. 32 LPRA Ap. V, R. 36.1; *Zambrana García v. ELA et al.*, 204 DPR 328, 341-342 (2020). La controversia sobre los hechos esenciales que genera el litigio tiene que ser real, no especulativa o abstracta. Es decir, tiene que ser de tal naturaleza que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. *Ramos Pérez v. Univisión*, supra, págs. 213-214; *Meléndez González et al. v. M. Cuebas*, supra, pág. 110.

Por su parte, le corresponde a la parte promovida refutar dicha moción a través de declaraciones juradas u otra documentación que apoye su posición. Esto es, la parte que se opone debe proveer evidencia sustancial de los hechos materiales que están en disputa que demuestren que existe una controversia real que debe ser dilucidada en un juicio. Si no lo hace se dictará en su contra la sentencia sumaria si procediere. *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652, 665-666 (2000). Ahora, el hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda si existe una controversia legítima sobre un hecho material. Sin embargo, el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'". *Ramos Pérez v. Univisión*, supra, pág. 215, citando a *Flores v. Municipio de Caguas*, 114 DPR 521, 525 (1983).

Nuestro estado de derecho les exige a los tribunales que, independientemente de cómo resuelvan una moción de sentencia sumaria, emitan una lista de los hechos que encontró que no están en controversia en el pleito y los que sí lo están. *Meléndez González et al. v. M. Cuebas*, supra, pág. 117. Al evaluar la solicitud de sentencia sumaria, el juzgador deberá: (1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria, los incluidos con la moción en oposición y aquellos que obren en el expediente judicial y; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913-914 (1994). El Tribunal Supremo de Puerto Rico ha expresado que, casos en los cuales existan elementos subjetivos, de intención, propósitos mentales o negligencia o cuando el factor de credibilidad sea esencial, no es apropiado dictar sentencia sumaria. *Ramos Pérez v. Univisión*, supra, pág. 219.

En *Meléndez González et al. v. M. Cuebas,* supra, el Tribunal Supremo de Puerto Rico estableció el estándar de revisión que debe utilizar este foro apelativo intermedio al revisar denegatorias o concesiones de mociones de sentencia sumaria. Conforme a ello, debemos utilizar los mismos criterios que los tribunales de primera instancia al determinar si procede dictar sumariamente una sentencia. En esta tarea sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia y determinar si existe o no alguna controversia genuina de hechos pertinentes y esenciales, y si el derecho se aplicó de forma correcta. La labor de adjudicar los hechos relevantes y esenciales en disputa le corresponde únicamente al foro de primera instancia en el ejercicio de su sana discreción. *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Finalmente, debemos revisar *de novo* si el Tribunal de Primera

Instancia aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas*, supra, pág. 119. Véase, además, *Acevedo Arocho y otros v. Departamento de Hacienda de Puerto Rico y otros*, 2023 TSPR 80, resuelto el 26 de junio de 2023.

B.

En Puerto Rico existe el principio de la libertad de contratación. *Coop. Sabaneña v. Casiano Rivera*, 184 DPR 169, 173 (2011). El contrato es el negocio jurídico bilateral por el cual dos (2) o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones. Artículo 1230 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9751.

El contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa, salvo en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva. Existe consentimiento por el concurso de la oferta y de la aceptación cuando el oferente recibe la aceptación. Artículos 1237 y 1238 del Código Civil de Puerto Rico, 31 LPRA secs. 9971 y 9772.

El objeto del negocio jurídico debe ser determinable. No pueden ser objeto del negocio jurídico los hechos de realización imposible, ilícitos, inmorales, contrarios al orden público, a las buenas costumbres, o lesivos de derechos de terceros. Artículo 269 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 6131. Existe consentimiento por el concurso de la oferta y de la aceptación cuando el oferente recibe la aceptación.

No obstante, ante la inexistencia de alguno de los requisitos antes mencionados, el contrato podrá ser nulo o anulable. El causante del dolo, la violencia o la intimidación queda sujeto a la indemnización de los daños y perjuicios resultantes. La prueba de

la existencia del vicio y de su carácter incumbe a quien lo alega. Artículo 285 y 286 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 6191 y 6192.

Es a partir del perfeccionamiento de un contrato, que las partes quedan obligadas al cumplimiento de lo expresamente pactado y a las consecuencias que se deriven de éste, ello conforme a la buena fe, al uso y a la ley. *Álvarez v. Rivera*, 165 DPR 1, 19 (2005). Cuando un contrato es legal, válido y carente de vicios del consentimiento, constituye la ley entre las partes y debe cumplirse a tenor de éste. *Íd.* La persona que de cualquier modo contraviene el tenor de su obligación, debe indemnizar los daños y perjuicios causados. Artículo 1158 del Código Civil, 31 LPRA sec. 9303.

Debe tenerse presente que el principio de la autonomía contractual no es irrestricto y está sujeto a la intervención de los tribunales. Empero, esas intervenciones deben proceder con sensatez y cautela, solamente cuando una de las prestaciones resulte excesiva, abusiva y una desproporción intolerable en las prestaciones. *Coop. Sabaneña v. Casiano Rivera*, supra, págs. 181-182.

### III.

En esencia, la apelante intenta establecer que existe controversia sobre las determinaciones de hechos establecidas por el TPI. En su primer señalamiento de error, esboza que el TPI no podía dictar sentencia al palio de la Regla 36 de Procedimiento Civil, *supra*. Razona que los documentos sometidos por la parte apelada en su moción de desestimación no constituían hechos adjudicados, ni eran copias certificadas. Sostiene que tampoco se sometió declaración jurada en torno a los hechos que la parte apelada propuso que estaban incontrovertidos. Ante ello, entiende que estos eran inadmisibles para propósitos de la consideración de la moción

de desestimación al amparo de la Regla 10.2 inciso 5, ni para sentencia sumaria bajo la Regla 36.

En su segundo señalamiento, la apelante expone que la estipulación en cuestión es nula e ilegal por no contar con la aprobación del Secretario del Trabajo e ir en contra del orden público y de la política pública del Gobierno de Puerto Rico. En particular, alega que la Ley Núm. 42-2017, conocida como la Ley Medicinal, la protege contra el discrimen por razón de ser paciente autorizada de *cannabis* medicinal. Entiende que erró el TPI al no analizar e interpretar dicha legislación en su sentencia.

La apelante añade que el contrato de transacción que impugna estuvo viciado de nulidad por varias razones, como, por ejemplo, que en el consentimiento prestado por ésta medió dolo, error (porque fue inducida a creer que violó el reglamento aplicable), violencia e intimidación (porque tenía temor a que de su expediente surgiera una destitución que le afectara su futuro o falsedad de documentos). Puntualiza que firmó la estipulación a causa de que la parte apelada le indicó que, de no hacerlo, sería destituida. Además, que lo hizo sin contar con representación legal, por lo que no fue una renuncia informada del contenido del contrato de transacción.

En su tercer señalamiento de error, la apelante esencialmente argumenta que el TPI se equivocó al catalogar el puesto que ocupaba de técnico quirúrgico como uno sensitivo, pues no se presentó evidencia de que prestara servicios directos a pacientes.

Por su parte, la parte apelada está de acuerdo con el pronunciamiento apelado dictado sumariamente. Arguye que la estipulación transaccional concernida contó con los requisitos de un contrato válido y que no hay controversia en que la apelante renunció a todas las reclamaciones de naturaleza contractual, extracontractual, laboral o cualquier otra índole que se aleguen

contra la ASEM que surgieran como consecuencia de los hechos que dieron lugar al procedimiento disciplinario que se finiquitó con dicha estipulación. Añade que no era necesaria la aprobación del Secretario del Trabajo a dicho pacto por ser la ASEM una instrumentalidad del Gobierno de Puerto Rico.

Por último, la parte apelada sostiene que la apelante ocupaba un puesto clasificado como sensitivo por la legislación aplicable que la exponía a ser destituida del mismo si arrojaba un resultado positivo a una sustancia controlada, como lo es el *cannabis* y se rehusaba a participar en el programa de rehabilitación provisto por la ASEM. Además, alega que la apelante no estaba protegida por la Ley Núm. 42-2017 por que la protección provista por dicha ley está sujeta a la condición de que la utilización del *cannabis* no interfiera con el desempeño y funciones esenciales del trabajo. Por tanto, puntualiza que la estipulación transaccional que suscribió la apelante con la ASEM no es nula por no ser contraria a la ley, ni al orden público.

Como es sabido, este Foro está en la misma posición que el TPI para revisar si procedía o no la concesión de la desestimación sumaria. Al examinar la evidencia en el récord, esta nos reafirma que no existe controversia acerca de la totalidad de los hechos materiales del caso. A su vez, no hallamos en el expediente prueba alguna que apoye las alegaciones de error que la apelante trae ante nuestra consideración. Consiguientemente, no incidió el TPI al dictar la *Sentencia* aquí apelada. Veamos.

En síntesis, no existe duda acerca de que el acuerdo transaccional suscrito por la apelante y la ASEM es válido y tiene el efecto de cosa juzgada. Además, según dispuesto por el TPI, colegimos que dicha estipulación transaccional no adolece de falta de causa, no se probó que fue el resultado de fraude o dolo, ni es contrario a la ley o el orden público. Sobre la alegación de que en el

proceso de firmar el acuerdo hubo dolo, esta tampoco procede. La apelante se limitó a mencionar en su demanda que fue "forzada" a dicho acto sin ofrecer evidencia que sustente dicha alegación. En su comparecencia ante nos, esgrime que firmó el contrato de transacción por temor a que en su expediente quedara plasmada una destitución que le afectara su futuro. Las antedichas razones no son suficientes para derrotar la *Sentencia* apelada. Es claro que la apelante renunció libre, voluntaria e informadamente a presentar la demanda de referencia. Ello, por el estado de derecho que se creó en su relación contractual con la ASEM al pactar la estipulación transaccional.

En consecuencia, luego de examinar la moción sobre desestimación, acogida por el TPI como una de sentencia sumaria, su oposición, así como la documentación anejada y la normativa imperante, concluimos que no incidió ni abusó de su discreción el TPI al conceder el remedio sumario de la desestimación solicitado por la ASEM. Así, procede la confirmación de su dictamen.

IV.

En virtud de los precedentes fundamentos, confirmamos la *Sentencia* del TPI.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones